IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUNICE HUSBAND,<br>　　　　Petitioner, | :<br>: 　3:15-cv-995<br>: |
| v. | : 　(Judge Mariani)<br>: |
| DAVID J. EBBERT,<br>　　　　Respondent. | :<br>: |

**MEMORANDUM**

Petitioner, Eunice Husband, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), filed the instant *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The petition will be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner challenges the prison living conditions, and claims that Respondent is violating his constitutional rights under the Eighth Amendment, Due Process Clause, and Equal Protection Clause. (Doc. 1, pp. 2, 6, 10). Specifically, Petitioner states that staff at USP-Lewisburg "utilize and enforce the inhumane, cruel, unconstitutional practice of housing 'particular inmates' in cells that have a metal flap attached to the cell door which completely cover/block the window of the door, so that the inmate who is housed in these cells cannot see out." (*Id.* at p. 7). Petitioner filed the instant action requesting that, "1.) the metal flaps be removed from all cells immediately, 2.) that the window of the cell door not be

blocked, obscured, or impaired with any other instrument or device, and 3.) [he] be removed from such cell with metal flap immediately." (*Id.* at p. 11).

## Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions through Rule 1(b)). *See Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D. Pa. 1979) (Nealon, J.). Rule 4 provides, in pertinent part, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." "A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . .'" *Belt v. Scism*, 2010 U.S. Dist. LEXIS 97052, *2-3 (M.D. Pa. 2010) (Muir, J.) (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970)). The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Allen*, 424 F.2d at 141.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. *Preiser v.*

*Rodriguez*, 411 U.S. 475, 498-99 (1973); *Santos v. Ebbert*, 2010 WL 5018954, *2 (M.D. Pa. 2010) (Nealon, J.). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).

In the instant case, Petitioner's request that all metal flaps be removed from cell doors, and that he be removed from his cell, are not challenges to the fact or duration of his confinement. He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully. He does not seek release from prison, nor does he seek to be released sooner from prison. Rather, Petitioner simply seeks to be transferred to a different cell, and that the metal flaps be removed from cell doors. However, because habeas relief is available only when prisoners "seek to invalidate the duration of their confinement - either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the [government's] custody," *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005), and Petitioner does not seek either speedier release or a judicial determination that necessarily implies the unlawfulness of his incarceration, this Court lacks habeas jurisdiction. *See McCall v. Ebbert*, 384 Fed. Appx. 55 (3d Cir. 2010) (district court properly dismissed for lack of jurisdiction § 2241 petition challenging transfer to increased security level and conditions of confinement); *Murray v. Bledsoe*, 386 Fed. Appx. 139, 140 (3d Cir. 2010 ) (affirming the

District Court's order dismissing the habeas petition because "Murray's complaint regarding cell confinement does not challenge the fact or duration of his imprisonment," nor does it have any bearing on the validity of his conviction).

Therefore, the Court will dismiss the petition without prejudice to any right Petitioner may have to assert his claims in a properly filed civil rights complaint.[1] See *Wool v. York County Prison*, Civil No. 98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998) (McClure, J.); *Hewlitt v. Holland*, Civil No. 96-1075, slip op. at 9 (M.D. Pa. July 2, 1997) (Nealon, J.) ("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA, his claims will be dismissed without prejudice, as they are not habeas corpus claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the Civil Rights Acts.").

A separate Order will be issued.

Date: June 1st, 2015

Robert D. Mariani
United States District Judge

---

[1] In this regard, the Court expresses no opinion as to the merits, if any, of any civil rights claim Petitioner may file based upon the facts asserted herein.